809 F.2d 786
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William MCCORMICK, Defendant-Appellant.
 No. 86-5580.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 4, 1986.
Decided Jan. 9, 1987.
 
 James J. Brink, Assistant Federal Public Defender on brief, for appellant.
 David A. Faber, United States Attorney; Michael W. Carey, Assistant United States Attorney on brief, for appellee.
 BEFORE WINTER, Chief Judge, and RUSSELL and WIDENER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant was convicted by a jury of a violation of 30 U.S.C. Sec. 820(f) for causing a false certification of a form which stated that a miner had received health and safety training required by the Federal Mine Safety and Health Act of 1977. He appeals, contending that proof of his actions did not constitute a crime within the proscription of Sec. 820(f), and that the prosecution was barred by the applicable limitations period. We perceive no merit in either contention and we affirm. Because we concluded that it would not aid the decisional process, we declined to hear oral argument.
 
 I.
 30 U.S.C. Sec. 820(f) makes it a crime for:
 
 2
 Whoever knowingly makes any false statement, representation, or certification in any application, record, report, plan, or other document filed or required to be maintained pursuant to this chapter.
 
 
 3
 The evidence indicated that the defendant violated this provision by causing miners to sign forms (MSHA form 5000-23) which verified that they had received refresher training courses when the defendant knew that the miners had not received this training.
 
 
 4
 The defendant contends that he did not have a duty truthfully to certify that the miners had received these training courses. It is uncontested on appeal that the evidence indicated that the defendant made false statements by causing miners to sign forms verifying facts which the defendant knew were not true. Thus, the defendant's actions fell within the prohibition against "whoever" makes such misrepresentations.
 
 
 5
 The form which the defendant caused the miners to sign was required to be maintained under the Act. Section 825(c) of the Act states that upon completion of a training program, "each operator shall certify, on a form approved by the Secretary, that the miner has received the specified training...." The specific form approved by the Secretary is set forth in the regulations promulgated by the Secretary at 30 C.F.R. Sec. 48.29. The regulations require that upon completion of the training course, "the operator shall record and certify on MSHA form 5000-23 that the miner has received the specified training." Thus, MSHA form 5000-23 is a form required to be maintained by the Act. While the regulations only require operators to certify that the training program was completed by the miner, whoever knowingly makes any false statement on the form is subject to being found in violation of Sec. 820(f). The district court correctly instructed the jury that form 5000-23 was maintained pursuant to the Act and that any person making misrepresentations in violation of the Act on such form was liable under the Act.
 
 
 6
 The district court also correctly instructed the jury that they must find that the defendant's misrepresentation of a record required to be maintained by the Act must be "a material one." The defendant contends that he did not make an illegal misrepresentation because the miners' signatures verified that they received training but did not "certify" that they completed the training. While the statute does not require that miners be part of the certification process, Sec. 820(f) expressly forbids any false "statement, representation, or certification." While neither the defendant nor the miners may have been required by the Act to certify that the training program was completed, they were nonetheless prohibited from knowingly making false statements on the relevant forms. The jury reasonably concluded that the miners' statements were material to the form because they were important indications of whether the training program was completed by the miners. See 43 Fed.Reg. 47457 (miners should acknowledge completion of the training program on the certificate).
 
 II.
 
 7
 The jury was instructed that it must find beyond a reasonable doubt that the offense in question was committed on or after December 18, 1980 in order to find the defendant guilty. The defendant indicated that he found this instruction acceptable. The defendant contends that the jury's verdict was unsupported by the evidence because the forms in question were dated December 13, 1980, five days before the beginning of the statutory limitation period. (The defendant agreed to toll the statute of limitations from December 18, 1985. Prior to expiration of the period of tolling, the indictment was filed.) The evidence indicated, however, that the defendant caused the miners to sign their names on or about December 31, 1980, to forms which were backdated to December 13. Thus, the indictment was timely.
 
 
 8
 AFFIRMED.