## UNITED STATES of America

### v.

### Darlene TURNER.

### Crim. No. 94–0049–B.

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

June 27, 1995.

S. Randall Ramseyer, Asst. U.S. Atty., Abingdon, VA, for plaintiff.

Robert M. Galumbeck, Tazewell, VA, for defendant.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

### I.

■ This matter is before the Court on Defendant's Motion for Judgment of Acquittal. After a trial in the above styled case on March 21, 1995, the jury returned guilt verdicts against the Defendant on four counts: count I (conspiring to make false statements, representations or certification on United States Mine Safety and Health Administration form 5000–23) and counts VII, XXI and XXIII (willfully causing false statements to be made or aiding and abetting in the making of false statements on form 5000–23 for the following individuals: Lester Flint, Granville F. Ratliff and Kevin Stout).

Dennis Turner was an operator of a coal mining operation. At trial, the government put forth evidence that Mr. Turner's wife, Darlene Turner, was also an operator of the mining operation. United States Mine Safety and Health Administration form 5000–23 ("5000–23 form") is a form required to be

maintained pursuant to the Federal Mine Safety and Health Act ("MSHA") and it certifies that individual miners have received their annual required safety training. Donald Kendrick, a certified mine safety instructor, testified for the government and stated that he met with Mr. Turner who agreed to pay him $200.00 for every 5000–23 form that Kendrick would fill out, sign and certify that a miner had received his required annual training. Kendrick agreed to falsely certify the miner's training certificates even though he realized that the miners were not participating in the required training. The government prosecuted Mrs. Turner for conspiring and aiding and abetting in the falsification of these forms. The jury believed that Mrs. Turner was an operator of the mine, along with her husband, and knowingly used the false certifications to certify that miners had been trained, when the miners had not even begun to work for the Turners at the time that the training was to have occurred.

## II.

The Defendant's major contention is that the 5000–23 form, which was used to convict Mrs. Turner, does not adhere to either the specifications laid out by the Secretary of Labor ("Secretary") in 30 C.F.R. § 48.29 or the statutory language in 30 U.S.C. § 820(f) and 30 U.S.C. § 825 and, thus, the form is invalid and the Defendant can not be convicted because of false statements placed on these forms. *See* (Mem. in Supp. of Def.'s Mot. for J. of Acquittal.) The relevant statutory provisions are 30 U.S.C. § 825(a), which reads in pertinent part, "[e]ach operator of a coal or other mine shall have a health and safety training program which shall be approved by the Secretary," and 30 U.S.C. § 825(c), which states,

> Upon completion of each training program, each operator shall certify, on a form approved by the Secretary, that the miner has received the specified training in each subject area of the approved health and safety training plan. A certificate for each miner shall be maintained by the operator, and shall be available for inspection at the mine site[.] False certification by an operator that training was given shall be punishable under section 820(a) and (f) of this

title; and each health and safety training certificate shall indicate on its face, in bold letters, printed in a conspicuous manner the fact that such false certification is so punishable.

The penalty for false certification is detailed in 30 U.S.C. § 820(f) and states,

> Whoever knowingly makes any false statement, representation, or certification in any application, record, report, plan, or other document filed or required to be maintained pursuant to this chapter shall, upon conviction, be punished by a fine of not more than $10,000 or by imprisonment for not more than six months, or both.

Pursuant to the statute calling for a form approved by the Secretary, 30 C.F.R. § 48.29 was approved by the Secretary and states,

> (a) Upon a miner's completion of each MSHA approved training program, the operator shall record and certify on MSHA form 5000–23 that the miner has received the specified training.

> (b) False certification that training was given shall be punishable under section 110(a) and (f) of the Act.

The Defendant argues that the strict language of regulation 48.29 calls for the operator of the coal mine to certify (i.e. sign) on the 5000–23 form that the miner has completed the required training. And the Defendant further argues that since the form labeled as a 5000–23 form does not contain an area for the operator to certify the training, then the form which is the basis of this conviction is not a proper 5000–23 form as called for by the Secretary in 30 C.F.R. § 48.29 and, thus, is not approved by the Secretary as called for in 30 U.S.C. § 825(c). Therefore, the Defendant argues, Mrs. Turner can not be convicted of making false statements on a 5000–23 form when the form used in this case is not a correct 5000–23 form as set out in the statute.

According to the Defendant's logic, no one could be convicted of falsifying a 5000–23 form if they used this type of form because it is not in the proper format for a 5000–23 form as set out by the Secretary in regulation 48.29. However, in another case, the

Fourth Circuit has upheld convictions for making false statements on these same 5000–23 forms. *See United States v. McCormick,* No. 86–5580, slip op., 1987 WL 36176 (4th Cir. Jan. 9, 1987).[1]

The Defendant's claims regarding the 5000–23 form become less persuasive when one considers the actual language on the 5000–23 form. The area where the person who certifies that the training has been completed simply states, "I certify that the above training has been completed (signature of person responsible for training)." On all of the 5000–23 forms for which the Defendant was prosecuted, the safety training instructor, Donald Kendrick, signed in this area. It appears from her argument that the Defendant must have assumed that only a training instructor can sign on this line and certify that the training has been completed. However, the 5000–23 form calls for the signature of the "person responsible for training" and, by the clear language of 30 § 825(a)[2], it is the operator that is required and responsible for having the health and safety training program and it is the operator or her agent that should be signing on this line. Therefore, the 5000–23 form used in the convictions of the Defendant meets the requirements of 30 C.F.R. § 48.29 and is a valid form.[3]

The Defendant also contends that the 5000–23 form has not ever been approved by the Secretary as required by 30 U.S.C. § 825(c). The Defendant admits that the Secretary properly promulgated 30 C.F.R. § 48.29, (Def.'s Reply Mem. to U.S. Resp. at 4, 8), however, the Defendant argues that since the 5000–23 forms do not meet the requirements laid out by the Secretary in § 48.29, then the Secretary could not have approved it. Since this Court has already held that the 5000–23 forms do meet the requirements of § 48.29, which was properly promulgated by the Secretary, then it can be determined that the Secretary has approved the 5000–23 form.

The fact that the safety training instructor signed the 5000–23 forms instead of the operator does not alter the liability of the operator in this case. The instructor, Donald Kendrick, who was hired and paid by the Defendant's co-operator, signed the forms as the agent of both operators when he falsely certified that the miners had been trained. The evidence showed beyond a reasonable doubt that Mrs. Turner knew Kendrick's statements on the forms were false and used them to certify training for miners who did not work for her when the training was given. Even if it was assumed that the Defendant did not grant Kendrick actual authority to make these false statements, she ratified his authority by her silence and in using his false statements to certify training that had not been done. Thus, the Defendant, as operator, is liable for making the false statements

1. In *McCormick,* the defendant, a safety trainer, argued that since the language of the statute (i.e. § 825(c)) and the regulation (i.e. § 48.29) did not impose a duty on him to certify that the miners had been trained (only operators had the duty), then the defendant could not be convicted of falsifying the 5000–23 form. The court held that anyone who knowingly makes false statements on the 5000–23 forms can be convicted, no matter whether they are required by the statute to make the statements or not. The court did not address the issue of whether the 5000–23 forms met the requirements of the statute or the regulation. In addition, *McCormick* dealt with convicting a safety trainer of falsifying the forms, whereas, in this case, the Court is dealing with the conviction of an operator. Therefore, *McCormick* is not dispositive of this case; furthermore, being unpublished it cannot be considered as precedent.

2. The specific language of 30 U.S.C. § 825(a) is "[e]ach operator of a coal or other mine shall have a health and safety training program which shall be approved by the Secretary."

3. A further reason for holding that the 5000–23 form is a valid form approved by the Secretary is that courts give agency's interpretations of their own rules substantial deference so long as those interpretations are reasonable. *Martin v. OSHRC,* 499 U.S. 144, 111 S.Ct. 1171, 113 L.Ed.2d 117 (1991). The court's deference is even greater when the agency is interpreting regulations and not statutes. *Udall v. Tallman,* 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965), *reh. den'd,* 380 U.S. 989, 85 S.Ct. 1325, 14 L.Ed.2d 283 (1965). In creating form 5000–23, the agency was interpreting the language and requirements of regulation 48.29 as meaning that a safety instructor or an operator could sign the form and either signature would be considered the appropriate signature. The Court would consider this a reasonable interpretation of the regulation by the agency.

on the 5000–23 forms since her agent signed in her stead.

The Defendant also argues that the warning of punishment[4] on these forms is not sufficient since it is suppose to be in bold letters and "printed in a conspicuous manner" as stated in 30 U.S.C. § 825(c). The Court does not agree with this argument. The warning is in bold print and is printed directly beside the signature line for the person who is certifying that the miner has received his training, and, thus, is printed in a conspicuous manner. Therefore, the Court finds that the punishment warning is adequate and meets the requirements of 30 U.S.C. § 825(c).

The Defendant further argues that there was not sufficient evidence at trial for the jury to have found her guilty beyond a reasonable doubt. The Court finds that there was adequate evidence presented at trial for the jury to have returned a guilty verdict on all four counts and, thus, will not disturb those verdicts.

### III.

In summary, the Court holds that the 5000–23 forms used to convict the Defendant in this case were forms that met all statutory and regulatory requirements. In addition, the government produced sufficient evidence at trial for a jury to have found the Defendant guilty beyond a reasonable doubt on all four counts of which she was convicted. Thus, the Court denies the Defendant's Motion for Judgment of Acquittal. An Order setting forth these findings shall accompany this Opinion.

As set forth in a Memorandum Opinion entered this day, it is hereby

ADJUDGED and ORDERED

that the Defendant's Motion for Judgment of Acquittal is DENIED and the jury's verdict that the Defendant be found guilty on counts I, VII, XXI and XXIII will remain in force.

---

4. The warning on the 5000–23 forms states, "False certification is punishable under section 110(a) and (f) of the Federal Mine Safety & Health Act."